1  RODERICK G. DORMAN (SBN 96908)
   (rdorman@mckoolsmithhennigan.com)
2  ALAN P. BLOCK (SBN 143783)
   (ablock@mckoolsmithhennigan.com)
3  McKOOL SMITH HENNIGAN, P.C.
   865 South Figueroa Street, Suite 2900
4  Los Angeles, California 90017
   Telephone:   (213) 694-1200
5  Facsimile:   (213) 694-1234

6  SCOTT L. COLE (pro hac vice application)
   (scole@mckoolsmith.com)
7  TX State Bar No. 00790481
   McKOOL SMITH, PC
8  300 W. 6th Street, Suite 1700
   Austin, TX 78701
9  Tel. (512) 476-1400
   Fax (512) 703-1250

10
11 KEVIN L. DAFFER (pro hac vice application)
   (kdaffer@dmtechlaw.com)
12 TX State Bar No. 05307300
   DAFFER McDANIEL LLP
13 901 South Mopac Expressway
   Barton Oaks Plaza Three, Ste. 310
14 Austin, TX 78746
   Tel. (512) 476-1400
15 Fax (512) 703-1250

16 Attorneys for Plaintiff
   JVC KENWOOD CORPORATION

17

18            **UNITED STATES DISTRICT COURT**

19            **CENTRAL DISTRICT OF CALIFORNIA**

20 JVC KENWOOD CORPORATION,           )  Case No. **CV 12-3662** GAF (JCx)
                                       )
21                      Plaintiff,     )  **COMPLAINT AND APPLICATION
                                       )  FOR PERMANENT INJUNCTION**
22          vs.                        )
                                       )  JURY TRIAL DEMANDED
23 ARCSOFT, INC.; NERO, INC.,          )
                                       )
24                      Defendants.    )
                                       )
25 _____)

26    Plaintiff JVC KENWOOD Corporation ("JVC") brings this action against

27 Defendants Arcsoft, Inc and Nero, Inc. and alleges:

28
                                   -1-

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

1

## NATURE OF THE CASE

2      1.    This is an action arising under the patent laws of the United States (Title

3  35, United States Code, § 271 et seq.) based upon Defendants infringement of patents

4  owned by JVC and relating generally to the field of media players and recorders, such

5  as DVD players having data decoding, reproduction and/or stretch reproduction

6  capabilities, DVD recorders having encoding capability, and media on which data can

7  be encoded and thereafter decoded or reproduced.  JVC seeks damages for

8  Defendants' infringement and a permanent injunction restraining Defendants from

9  further infringement.

10

## PARTIES

11      2.    JVC is incorporated under the laws of Japan and maintains its principal

12  place of business in Yokohama, Japan.

13      3.    Upon information and belief, ArcSoft, Inc. is incorporated under the laws

14  of California and maintains its principal place of business at 46601 Fremont

15  Boulevard, Fremont, California 94538.

16      4.    Upon information and belief, Nero, Inc. is incorporated under the laws of

17  Delaware and maintains its principal place of business at 330 N. Brand Blvd. Suite

18  800, Glendale, California 91203.

19

## JURISDICTION

20      5.    This action arises under the patent laws of the United States, Title 35

21  United States Code.  Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and

22  § 1338.

23      6.    This court has personal jurisdiction over ArcSoft, Inc. (hereafter

24  "ArcSoft"). Upon information and belief, ArcSoft conducts business in this State and

25  is selling and offering to sell, and has within a reasonable period prior to the filing of

26  this action, sold and offered to sell its products to customers in this State and in this

27  District, either directly or indirectly.  Upon information and belief, ArcSoft's

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-2-

Case No.

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1794193

1  infringing media products on which data is encoded, and infringing products

2  containing a DVD recorder implemented through software and having encoding

3  capability (hereinafter, the "ArcSoft Encoder Infringing Products") include, but are

4  not limited to, its TotalMedia Extreme, TotalMedia Extreme 2, Total Media Studio,

5  TotalMedia VR, MediaImpression 3 HD, MediaImpression 2, MediaImpression,

6  ShowBiz 5, ShowBiz 3.5, ShowBiz DVD 2, DVD Slideshow, Backup & Burn, Media

7  Pack Ultimate, Video Pack Platinum, Photo & Video Editor Pack, and TotalMedia

8  Backup and Record software applications.  Upon information and belief, ArcSoft's

9  infringing products containing a player, such as a DVD player implemented through

10  software and having decoding or reproduction capabilities (hereinafter, the "ArcSoft

11  Decoder Infringing Products") include, but are not limited to, its TotalMedia Theatre

12  5, TotalMedia Theatre 3, TotalMedia Theatre 2, TotalMedia Theatre, Digital Theatre,

13  TotalMedia Extreme 2, Total Media Extreme, Media Pack Ultimate, Media Pack

14  Premium, Video Pack Platinum, and Video Suite software applications. Upon

15  information and belief, ArcSoft has placed its products, including the infringing

16  products, into the stream of commerce, knowing or reasonably expecting that such

17  products will be used, sold, or offered to be sold in this State and in this District.

18  Upon information and belief, ArcSoft has intentionally established distribution

19  channels to offer its products for sale and to sell its products, including the infringing

20  products, in this State and in this District.  Because ArcSoft produces multiple

21  versions of its software applications for retail sale, for sale to equipment

22  manufacturers, and for download, discovery may reveal additional infringing products

23  and/or versions having functionality similar to the products listed above.

24         7.     This Court has personal jurisdiction over Nero, Inc. (hereafter "Nero").

25  Upon information and belief, Nero conducts business in this state and is selling and

26  offering to sell, and has within a reasonable period prior to the filing of this action,

27  sold and offered to sell its products to customers in this State and in this District,

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-3-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  either directly or indirectly.  Upon information and belief, Nero's infringing media

2  products on which data is encoded, and infringing products containing a DVD

3  recorder implemented through software and having encoding capability (hereinafter,

4  the "Nero Encoder Infringing Products") include, but are not limited to, its Nero 11

5  suite, 11 Platinum, Video, Kwik Media, 10 Multimedia Suite, 10 Multimedia Suite

6  Platinum HD, Vision Xtra, Vision, Vision 5, Vision 4, Vision Express 3, Media Hub,

7  Burning ROM, Burning ROM 8, Burning ROM 7, Burning ROM 6, 9 suite, Express,

8  Express 6, Express 7, Express 8, DiscCopy, Video Premium HD, 8 suite, 7 suite, 6

9  suite, BackItUp, BackItUp 2, BackItUp 3, and BackItUp & Burn software

10  applications.  Upon information and belief, Nero's infringing products containing a

11  player, such as a DVD player implemented through software and having decoding or

12  reproduction capabilities (hereinafter, the "Nero Decoder Infringing Products")

13  include, but are not limited to, its Nero 11 suite, 11 Platinum, Kwik Media, 10

14  Multimedia Suite, 10 Multimedia Suite Platinum HD, Vision Xtra, Media Hub, Video

15  Premium HD, 9 suite, ShowTime, ShowTime 2, ShowTime 3, ShowTime 4, 8 suite, 7

16  suite, and 6 suite software applications.  Upon information and belief, Nero's

17  infringing products containing a player, such as a broadcast or DVD player

18  implemented through software and having stretch reproduction capability (hereinafter,

19  the "Nero Stretch Reproduction Infringing Products") include, but are not limited to,

20  its Nero 10 Multimedia Suite, 10 Multimedia Suite Platinum HD, Video Premium HD

21  and Vision Xtra software applications.  Upon information and belief, Nero has placed

22  its products, including the infringing products, into the stream of commerce, knowing

23  or reasonably expecting that such products will be used, sold, or offered to be sold in

24  this State and in this District.  Upon information and belief, Nero has intentionally

25  established distribution channels to offer its products for sale and to sell its products,

26  including the infringing products, in this State and in this District. Because Nero

27  produces multiple versions of its software applications for retail sale, for sale to

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-4-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  equipment manufacturers, and for download, discovery may reveal additional

2  infringing products and/or versions having functionality similar to the products listed

3  above.

## VENUE

5     8.     Venue is proper in this Court under 28 U.S.C. § 1400(b) because

6  ArcSoft, Inc.  and Nero, Inc. reside in this District within the meaning of 28 U.S.C.

7  § 1391(c).  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c)

8  because (i) ArcSoft, Inc. and Nero, Inc. reside in this District, and/or (ii) a substantial

9  part of the events or omissions giving rise to the claims against each of them occurred

10  in this District.

## JOINDER

12     9.     Joinder of accused infringers ArcSoft, Inc. and Nero, Inc as defendants in

13  this action is also proper under 35 U.S.C. Section 299.  The right to relief is asserted,

14  in part, on the defendants' common compliance with an industry standard

15  specification, known generally as the "DVD Specification."  This is not an action

16  where joinder is based solely on allegations that multiple parties have infringed the

17  patents in suit.  In addition, it is based on the allegation that compliance with an

18  industry standard, which is co-terminous with asserted patent claim language, has

19  commonly occurred among infringers. Questions of fact common to all defendants

20  will arise including, among others, (a) the extent to which parts of the DVD

21  Specification including DVD-R, DVD-RW, and DVD-RAM requires conduct or

22  apparatus claimed in  U.S. Patent Nos. 5,862,115 and 5,949,750 owned by JVC; (b)

23  the extent to which parts of the DVD Specification, including  DVD-R for DL and

24  DVD-RW for DL, requires conduct or apparatus claimed in U.S. Patent Nos.

25  6,768,711 and 7,023,790 owned by JVC; (c) the extent to which parts of the DVD

26  Specification, including 4x, 6x, 8x Speed DVD-R for DL, requires conduct or

27  apparatus claimed in U.S. Patent No. 7,102,970; (d) the extent to which parts of the

28

McKool Smith Hennigan, P.C.
Los Angeles, California

1  DVD Specification, including DVD-VR, requires conduct or apparatus claimed in

2  U.S. Patent Nos. 6,141,491, 6,490,404 and 6,788,881 owned by JVC; and (e) whether

3  references relied on by defendants to invalidate any patent-in-suit under section 102

4  or 103 of the Patent Act constitute prior art.

**FIRST CLAIM**

(Patent Infringement of the '491 Patent)

10.    The allegations of paragraphs 1-9 are incorporated herein by reference.

11.    JVC is the sole owner of United States Patent No. 6,141,491, entitled "METHOD FOR JUMP-REPRODUCING VIDEO DATA OF MOVING PICTURE CODED WITH HIGH EFFICIENCY" ("the '491 patent"). The '491 patent was duly and legally issued on October 31, 2000 to Toru Yamagishi, Ken Miyazaki and Kentaro Yokouchi, and was assigned to JVC. A copy of the '491 patent is attached to this Complaint as Exhibit A.

12.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero of the existence of the '491 patent including offering each an opportunity to license the '491 patent from JVC. Neither Arcsoft nor Nero responded to JVC's offer.

13.    Upon information and belief, ArcSoft has been and currently is directly infringing the '491 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Arcsoft Encoder and Decoder Infringing Products that are covered by one or more claims of the '491 patent.

14.    Upon information and belief, ArcSoft has been and currently is inducing the direct infringement of the '491 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Arcsoft Encoder and Decoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '491 patent, with knowledge of the '491 patent and with knowledge that the acts it was causing would be covered by one or

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-6-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1    more claims of the '491 patent.

2        15.    Upon information and belief, ArcSoft has been and currently is

3    contributing to the direct infringement of the '491 patent under 35 U.S.C. § 271(c) by,

4    among other things, supplying the Arcsoft Encoder and Decoder Infringing Products

5    to its customers with knowledge of the '491 patent and with the knowledge that the

6    Arcsoft Encoder and Decoder Infringing Products were especially made or adapted

7    for use in a manner covered by one or more claims of the '491 patent, whereby the

8    Arcsoft Encoder and Decoder Infringing Products do not have a substantial non-

9    infringing use.

10       16.    Upon information and belief, Nero has been and currently is directly

11   infringing the '491 patent under 35 U.S.C. § 271(a) by, among other things, making,

12   using, selling, importing, and/or offering for sale, within the territorial boundaries of

13   the United States, the Nero Encoder and Decoder Infringing Products that are covered

14   by one or more claims of the '491 patent.

15       17.    Upon information and belief, Nero has been and currently is inducing the

16   direct infringement of the '491 patent under 35 U.S.C. § 271(b) by, among other

17   things, actively inducing its customers to use the Nero Encoder and Decoder

18   Infringing Products, within the territorial boundaries of the United States, in a manner

19   that is covered by one or more claims of the '491 patent, with knowledge of the '491

20   patent and with knowledge that the acts it was causing would be covered by one or

21   more claims of the '491 patent.

22       18.    Upon information and belief, Nero has been and currently is contributing

23   to the direct infringement of the '491 patent under 35 U.S.C. § 271(c) by, among

24   other things, supplying the Nero Encoder and Decoder Infringing Products to its

25   customers with knowledge of the '491 patent and with the knowledge that the Nero

26   Encoder and Decoder Infringing Products were especially made or adapted for use in

27   a manner covered by one or more claims of the '491 patent, whereby the Nero

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-7-

Case No.
1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  Encoder and Decoder Infringing Products do not have a substantial non-infringing

2  use.

3      19.    Upon information and belief, infringement of the '491 patent has been

4  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

5  will continue to suffer, irreparable injury as a result of this willful infringement.

6  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

7  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

8  against further infringement.

9      20.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

10  pursuant to 35 U.S.C. §285.

## SECOND CLAIM

(Patent Infringement of the '692 Patent)

13      21.    The allegations of paragraphs 1-20 are incorporated herein by reference.

14      22.    JVC is the sole owner of United States Patent No. 6,522,692, entitled

15  "REPRODUCTION PROTECTION METHOD ACCORDING TO BOTH MEDIUM

16  AND APPARATUS PROTECTION DATA AND A MEDIUM THEREFOR" ("the

17  '692 patent").  The '692 patent was duly and legally issued on February 18, 2003 to

18  Takayuki Sugahara, and was assigned to JVC.  A copy of the '692 patent is attached

19  to this Complaint as Exhibit B.

20      23.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero

21  of the existence of the '692 patent including offering it an opportunity to license the

22  '692 patent from JVC.  Arcsoft and Nero never responded to JVC's offer.

23      24.    Upon information and belief, ArcSoft has been and currently is directly

24  infringing the '692 patent under 35 U.S.C. § 271(a) by, among other things, making,

25  using, selling, importing, and/or offering for sale, within the territorial boundaries of

26  the United States, the Arcsoft Decoder Infringing Products, currently limited to

27  TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2, Media Pack

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-8-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and any other

2  ArcSoft applications implementing parental and regional control functions.

3      25.   Upon information and belief, ArcSoft has been and currently is inducing

4  the direct infringement of the '692 patent under 35 U.S.C. § 271(b) by, among other

5  things, actively inducing its customers to use the Arcsoft Decoder Infringing

6  Products, currently limited to TotalMedia Theatre 3, TotalMedia Theatre 5,

7  TotalMedia Extreme 2, Media Pack Ultimate, Media Pack Premium, Video Pack

8  Platinum, Video Suite, and any other ArcSoft applications implementing parental and

9  regional control functions, within the territorial boundaries of the United States, in a

10  manner that is covered by one or more claims of the '692 patent, with knowledge of

11  the '692 patent and with knowledge that the acts it was causing would be covered by

12  one or more claims of the '692 patent.

13      26.   Upon information and belief, ArcSoft has been and currently is

14  contributing to the direct infringement of the '692 patent under 35 U.S.C. § 271(c) by,

15  among other things, supplying the Arcsoft Decoder Infringing Products, currently

16  limited to TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2,

17  Media Pack Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and

18  any other ArcSoft applications implementing parental and regional control functions,

19  to its customers with knowledge of the '692 patent and with the knowledge that these

20  products were especially made or adapted for use in a manner covered by one or more

21  claims of the '692 patent, whereby these products do not have a substantial non-

22  infringing use.

23      27.   Upon information and belief, Nero has been and currently is directly

24  infringing the '692 patent under 35 U.S.C. § 271(a) by, among other things, making,

25  using, selling, importing, and/or offering for sale, within the territorial boundaries of

26  the United States, the Nero Decoder Infringing Products, currently limited to Nero 6,

27  Nero 7, Nero 8, and any other Nero applications implementing parental and regional

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-9-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1   control functions.

2       28.    Upon information and belief, Nero has been and currently is inducing the

3   direct infringement of the '692 patent under 35 U.S.C. § 271(b) by, among other

4   things, actively inducing its customers to use the Nero Decoder Infringing Products,

5   currently limited to Nero 6, Nero 7, Nero 8, and any other Nero applications

6   implementing parental and regional control functions, within the territorial boundaries

7   of the United States, in a manner that is covered by one or more claims of the '692

8   patent, with knowledge of the '692 patent and with knowledge that the acts it was

9   causing would be covered by one or more claims of the '692 patent.

10       29.    Upon information and belief, Nero has been and currently is contributing

11   to the direct infringement of the '692 patent under 35 U.S.C. § 271(c) by, among

12   other things, supplying the Nero Decoder Infringing Products, currently limited to

13   Nero 6, Nero 7, Nero 8, and any other Nero applications implementing parental and

14   regional control functions, to its customers with knowledge of the '692 patent and

15   with the knowledge that these products were especially made or adapted for use in a

16   manner covered by one or more claims of the '692 patent, whereby these products do

17   not have a substantial non-infringing use.

18       30.    Upon information and belief, infringement of the '692 patent has been

19   and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

20   will continue to suffer, irreparable injury as a result of this willful infringement.

21   Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

22   damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

23   against further infringement.

24       31.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

25   pursuant to 35 U.S.C. §285.

26   ///

27   ///

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-10-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

## THIRD CLAIM

(Patent Infringement of the '881 Patent)

32.    The allegations of paragraphs 1-31 are incorporated herein by reference.

33.    JVC is the sole owner of United States Patent No. 6,788,881, entitled "STORAGE MEDIUM AND APPARATUS AND METHOD OF RECORDING AND REPRODUCING ENCODED DATA THERETO AND THEREFROM" ("the '881 patent"). The '881 patent was duly and legally issued on September 7, 2004 to Toishio Kuroiwa, Takayuki Sugahara, and Junzo Suzuki and was assigned to JVC. A copy of the '881 patent is attached to this Complaint as Exhibit C.

34.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero of the existence of the '881 patent including offering it an opportunity to license the '881 patent from JVC. Arcsoft and Nero never responded to JVC's offer.

35.    Upon information and belief, ArcSoft has been and currently is directly infringing the '881 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Arcsoft Encoder and Decoder Infringing Products that are covered by one or more claims of the '881 patent.

36.    Upon information and belief, ArcSoft has been and currently is inducing the direct infringement of the '881 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Arcsoft Encoder and Decoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '881 patent, with knowledge of the '881 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '881 patent.

37.    Upon information and belief, ArcSoft has been and currently is contributing to the direct infringement of the '881 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Arcsoft Encoder and Decoder Infringing Products

-11-

1 to its customers with knowledge of the '881 patent and with the knowledge that the

2 Arcsoft Encoder and Decoder Infringing Products were especially made or adapted

3 for use in a manner covered by one or more claims of the '881 patent, whereby the

4 Arcsoft Encoder and Decoder Infringing Products do not have a substantial non-

5 infringing use.

6       38.    Upon information and belief, Nero has been and currently is directly

7 infringing the '881 patent under 35 U.S.C. § 271(a) by, among other things, making,

8 using, selling, importing, and/or offering for sale, within the territorial boundaries of

9 the United States, the Nero Encoder and Decoder Infringing Products that are covered

10 by one or more claims of the '881 patent.

11       39.    Upon information and belief, Nero has been and currently is inducing the

12 direct infringement of the '881 patent under 35 U.S.C. § 271(b) by, among other

13 things, actively inducing its customers to use the Nero Encoder and Decoder

14 Infringing Products, within the territorial boundaries of the United States, in a manner

15 that is covered by one or more claims of the '881 patent, with knowledge of the '881

16 patent and with knowledge that the acts it was causing would be covered by one or

17 more claims of the '881 patent.

18       40.    Upon information and belief, Nero has been and currently is contributing

19 to the direct infringement of the '881 patent under 35 U.S.C. § 271(c) by, among

20 other things, supplying the Nero Encoder and Decoder Infringing Products to its

21 customers with knowledge of the '881 patent and with the knowledge that the Nero

22 Encoder and Decoder Infringing Products were especially made or adapted for use in

23 a manner covered by one or more claims of the '881 patent, whereby the Nero

24 Encoder and Decoder Infringing Products do not have a substantial non-infringing

25 use.

26       41.    Upon information and belief, infringement of the '881 patent has been

27 and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

28

-12-

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1  will continue to suffer, irreparable injury as a result of this willful infringement.

2  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

3  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

4  against further infringement.

5      42.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

6  pursuant to 35 U.S.C. §285.

7  **FOURTH CLAIM**

8  (Patent Infringement of the '920 Patent)

9      43.    The allegations of paragraphs 1-42 are incorporated herein by reference.

10      44.    JVC is the sole owner of United States Patent No. 6,570,920, entitled

11  "METHOD OF PROTECTION OF DATA TRANSMISSION ACCORDING TO

12  BOTH MEDIUM SPECIFIC PROTECTION DATA AND ADDITIONAL

13  PROTECTION DATA" ("the '920 patent").  The '920 patent was duly and legally

14  issued on May 27, 2003 to Takayuki Sugahara, and was assigned to JVC.  A copy of

15  the '920 patent is attached to this Complaint as Exhibit D.

16      45.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero

17  of the existence of the '920 patent including offering it an opportunity to license the

18  '920 patent from JVC.  Arcsoft and Nero never responded to JVC's offer.

19      46.    Upon information and belief, ArcSoft has been and currently is inducing

20  the direct infringement of the '920 patent under 35 U.S.C. § 271(b) by, among other

21  things, actively inducing its customers to use the Arcsoft Decoder Infringing

22  Products, currently limited to TotalMedia Theatre 3, TotalMedia Theatre 5,

23  TotalMedia Extreme 2, Media Pack Ultimate, Media Pack Premium, Video Pack

24  Platinum, Video Suite, and any other ArcSoft applications implementing parental and

25  regional control functions, within the territorial boundaries of the United States, in a

26  manner that is covered by one or more claims of the '920 patent, with knowledge of

27  the '920 patent and with knowledge that the acts it was causing would be covered by

28  

-13-

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1    one or more claims of the '920 patent.

2    47.    Upon information and belief, ArcSoft has been and currently is

3 contributing to the direct infringement of the '920 patent under 35 U.S.C. § 271(c) by,

4 among other things, supplying the Arcsoft Decoder Infringing Products, currently

5 limited to TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2,

6 Media Pack Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and

7 any other ArcSoft applications implementing parental and regional control functions,

8 to its customers with knowledge of the '920 patent and with the knowledge that these

9 products were especially made or adapted for use in a manner covered by one or more

10 claims of the '920 patent, whereby these products do not have a substantial non-

11 infringing use.

12    48.    Upon information and belief, Nero has been and currently is inducing the

13 direct infringement of the '920 patent under 35 U.S.C. § 271(b) by, among other

14 things, actively inducing its customers to use the Nero Decoder Infringing Products,

15 currently limited to Nero 6, Nero 7, Nero 8, and any other Nero applications

16 implementing parental and regional control functions, within the territorial boundaries

17 of the United States, in a manner that is covered by one or more claims of the '920

18 patent, with knowledge of the '920 patent and with knowledge that the acts it was

19 causing would be covered by one or more claims of the '920 patent.

20    49.    Upon information and belief, Nero has been and currently is contributing

21 to the direct infringement of the '920 patent under 35 U.S.C. § 271(c) by, among

22 other things, supplying the Nero Decoder Infringing Products, currently limited to

23 Nero 6, Nero 7, Nero 8, and any other Nero applications implementing parental and

24 regional control functions, to its customers with knowledge of the '920 patent and

25 with the knowledge that these products were especially made or adapted for use in a

26 manner covered by one or more claims of the '920 patent, whereby these products do

27 not have a substantial non-infringing use.

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-14-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1    50.    Upon information and belief, infringement of the '920 patent has been

2  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

3  will continue to suffer, irreparable injury as a result of this willful infringement.

4  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

5  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

6  against further infringement.

7    51.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

8  pursuant to 35 U.S.C. §285.

9                              **FIFTH CLAIM**

10                  (Patent Infringement of the '383 Patent)

11    52.    The allegations of paragraphs 1-51 are incorporated herein by reference.

12    53.    JVC is the sole owner of United States Patent No. 6,493,383, entitled

13  "METHOD OF REPRODUCTION OF DATA ACCORDING TO BOTH MEDIUM

14  PROTECTION DATA AND APPARATUS PROTECTION DATA" ("the '383

15  patent").  The '383 patent was duly and legally issued on December 10, 2002 to

16  Takayuki Sugahara, and was assigned to JVC.  A copy of the '383 patent is attached

17  to this Complaint as Exhibit E.

18    54.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero

19  of the existence of the '383 patent including offering it an opportunity to license the

20  '383 patent from JVC.  Arcsoft and Nero never responded to JVC's offer.

21    55.    Upon information and belief, ArcSoft has been and currently is inducing

22  the direct infringement of the '383 patent under 35 U.S.C. § 271(b) by, among other

23  things, actively inducing its customers to use the Arcsoft Decoder Infringing

24  Products, currently limited to TotalMedia Theatre 3, TotalMedia Theatre 5,

25  TotalMedia Extreme 2, Media Pack Ultimate, Media Pack Premium, Video Pack

26  Platinum, Video Suite, and any other ArcSoft applications implementing parental and

27  regional control functions, within the territorial boundaries of the United States, in a

28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-15-

1   manner that is covered by one or more claims of the '383 patent, with knowledge of

2   the '383 patent and with knowledge that the acts it was causing would be covered by

3   one or more claims of the '383 patent.

4      56.   Upon information and belief, ArcSoft has been and currently is

5   contributing to the direct infringement of the '383 patent under 35 U.S.C. § 271(c) by,

6   among other things, supplying the Arcsoft Decoder Infringing Products, currently

7   limited to TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2,

8   Media Pack Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and

9   any other ArcSoft applications implementing parental and regional control functions,

10  to its customers with knowledge of the '383 patent and with the knowledge that these

11  products were especially made or adapted for use in a manner covered by one or more

12  claims of the '383 patent, whereby these products do not have a substantial non-

13  infringing use.

14     57.   Upon information and belief, Nero has been and currently is inducing the

15  direct infringement of the '383 patent under 35 U.S.C. § 271(b) by, among other

16  things, actively inducing its customers to use the Nero Decoder Infringing Products,

17  currently limited to Nero 6, Nero 7, Nero 8, and any other Nero applications

18  implementing parental and regional control functions, within the territorial boundaries

19  of the United States, in a manner that is covered by one or more claims of the '383

20  patent, with knowledge of the '383 patent and with knowledge that the acts it was

21  causing would be covered by one or more claims of the '383 patent.

22     58.   Upon information and belief, Nero has been and currently is contributing

23  to the direct infringement of the '383 patent under 35 U.S.C. § 271(c) by, among

24  other things, supplying the Nero Decoder Infringing Products, currently limited to

25  Nero 6, Nero 7, Nero 8, and any other Nero applications implementing parental and

26  regional control functions, to its customers with knowledge of the '383 patent and

27  with the knowledge that these products were especially made or adapted for use in a

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-16-

1  manner covered by one or more claims of the '383 patent, whereby these products do
2  not have a substantial non-infringing use.

3       59.  Upon information and belief, infringement of the '383 patent has been
4  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and
5  will continue to suffer, irreparable injury as a result of this willful infringement.
6  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble
7  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction
8  against further infringement.

9       60.  This case is exceptional, and JVC therefore is entitled to attorneys' fees
10  pursuant to 35 U.S.C. §285.

## SIXTH CLAIM

12  (Patent Infringement of the '329 Patent)

13       61.  The allegations of paragraphs 1-60 are incorporated herein by reference.

14       62.  JVC is the sole owner of United States Patent No. 6,212,329, entitled
15  "METHOD OF PROTECTION OF DATA REPRODUCTION, AND
16  REPRODUCTION APPARATUS PROVIDING PROTECTION OF DATA
17  REPRODUCTION" ("the '329 patent").  The '329 patent was duly and legally issued
18  on April 3, 2001 to Takayuki Sugahara, and was assigned to JVC.  A copy of the '329
19  patent is attached to this Complaint as Exhibit F.

20       63.  On December 5, 2011, JVC provided written notice to Arcsoft and Nero
21  of the existence of the '329 patent including offering it an opportunity to license the
22  '329 patent from JVC.  Arcsoft and Nero never responded to JVC's offer.

23       64.  Upon information and belief, ArcSoft has been and currently is directly
24  infringing the '329 patent under 35 U.S.C. § 271(a) by, among other things, making,
25  using, selling, importing, and/or offering for sale, within the territorial boundaries of
26  the United States, the Arcsoft Decoder Infringing Products, currently limited to
27  TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2, Media Pack

28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-17-

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and any other

2  ArcSoft applications implementing parental and regional control functions.

3       65.    Upon information and belief, ArcSoft has been and currently is inducing

4  the direct infringement of the '329 patent under 35 U.S.C. § 271(b) by, among other

5  things, actively inducing its customers to use the Arcsoft Decoder Infringing

6  Products, currently limited to TotalMedia Theatre 3, TotalMedia Theatre 5,

7  TotalMedia Extreme 2, Media Pack Ultimate, Media Pack Premium, Video Pack

8  Platinum, Video Suite, and any other ArcSoft applications implementing parental and

9  regional control functions, within the territorial boundaries of the United States, in a

10 manner that is covered by one or more claims of the '329 patent, with knowledge of

11 the '329 patent and with knowledge that the acts it was causing would be covered by

12 one or more claims of the '329 patent.

13      66.    Upon information and belief, ArcSoft has been and currently is

14 contributing to the direct infringement of the '329 patent under 35 U.S.C. § 271(c) by,

15 among other things, supplying the Arcsoft Decoder Infringing Products, currently

16 limited to TotalMedia Theatre 3, TotalMedia Theatre 5, TotalMedia Extreme 2,

17 Media Pack Ultimate, Media Pack Premium, Video Pack Platinum, Video Suite, and

18 any other ArcSoft applications implementing parental and regional control functions,

19 to its customers with knowledge of the '329 patent and with the knowledge that these

20 products were especially made or adapted for use in a manner covered by one or more

21 claims of the '329 patent, whereby these products do not have a substantial non-

22 infringing use.

23      67.    Upon information and belief, Nero has been and currently is directly

24 infringing the '329 patent under 35 U.S.C. § 271(a) by, among other things, making,

25 using, selling, importing, and/or offering for sale, within the territorial boundaries of

26 the United States, the Nero Decoder Infringing Products, currently limited to Nero 6,

27 Nero 7, Nero 8, and any other Nero applications implementing parental and regional

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-18-

1   control functions.

2       68.    Upon information and belief, Nero has been and currently is inducing the

3   direct infringement of the '329 patent under 35 U.S.C. § 271(b) by, among other

4   things, actively inducing its customers to use the Nero Decoder Infringing Products,

5   currently limited to Nero 6, Nero 7, Nero 8, and any other Nero applications

6   implementing parental and regional control functions, within the territorial boundaries

7   of the United States, in a manner that is covered by one or more claims of the '329

8   patent, with knowledge of the '329 patent and with knowledge that the acts it was

9   causing would be covered by one or more claims of the '329 patent.

10      69.    Upon information and belief, Nero has been and currently is contributing

11  to the direct infringement of the '329 patent under 35 U.S.C. § 271(c) by, among

12  other things, supplying the Nero Decoder Infringing Products, currently limited to

13  Nero 6, Nero 7, Nero 8, and any other Nero applications implementing parental and

14  regional control functions, to its customers with knowledge of the '329 patent and

15  with the knowledge that these products were especially made or adapted for use in a

16  manner covered by one or more claims of the '329 patent, whereby these products do

17  not have a substantial non-infringing use.

18      70.    Upon information and belief, infringement of the '329 patent has been

19  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

20  will continue to suffer, irreparable injury as a result of this willful infringement.

21  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

22  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

23  against further infringement.

24      71.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

25  pursuant to 35 U.S.C. §285.

26  ///

27  ///

28

-19-

Case No.                                                           COMPLAINT AND APPLICATION FOR
                                                                   PERMANENT INJUNCTION
1794193

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

## SEVENTH CLAIM

(Patent Infringement of the '008 Patent)

72.   The allegations of paragraphs 1-71 are incorporated herein by reference.

73.   JVC is the sole owner of United States Patent No. 5,535,008, entitled "METHOD FOR JUMP-REPRODUCING VIDEO DATA OF MOVING PICTURE CODED WITH HIGH EFFICIENCY" ("the '008 patent"). The '008 patent was duly and legally issued on July 9, 1996 to Toru Yamagishi, Ken Miyazaki and Kentaro Yokouchi, and was assigned to JVC. A copy of the '008 patent is attached to this Complaint as Exhibit G.

74.   On December 5, 2011, JVC provided written notice to Arcsoft and Nero of the existence of the '008 patent including offering each an opportunity to license the '008 patent from JVC. Neither Arcsoft nor Nero responded to JVC's offer.

75.   Upon information and belief, ArcSoft has been and currently is directly infringing the '008 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Arcsoft Decoder Infringing Products that are covered by one or more claims of the '008 patent.

76.   Upon information and belief, ArcSoft has been and currently is inducing the direct infringement of the '008 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Arcsoft Decoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '008 patent, with knowledge of the '008 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '008 patent.

77.   Upon information and belief, ArcSoft has been and currently is contributing to the direct infringement of the '008 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Arcsoft Decoder Infringing Products to its

-20-

1  customers with knowledge of the '008 patent and with the knowledge that the Arcsoft

2  Decoder Infringing Products were especially made or adapted for use in a manner

3  covered by one or more claims of the '008 patent, whereby the Arcsoft Decoder

4  Infringing Products do not have a substantial non-infringing use.

5       78.    Upon information and belief, Nero has been and currently is directly

6  infringing the '008 patent under 35 U.S.C. § 271(a) by, among other things, making,

7  using, selling, importing, and/or offering for sale, within the territorial boundaries of

8  the United States, the Nero Decoder Infringing Products that are covered by one or

9  more claims of the '008 patent.

10       79.    Upon information and belief, Nero has been and currently is inducing the

11  direct infringement of the '008 patent under 35 U.S.C. § 271(b) by, among other

12  things, actively inducing its customers to use the Nero Decoder Infringing Products,

13  within the territorial boundaries of the United States, in a manner that is covered by

14  one or more claims of the '008 patent, with knowledge of the '008 patent and with

15  knowledge that the acts it was causing would be covered by one or more claims of the

16  '008 patent.

17       80.    Upon information and belief, Nero has been and currently is contributing

18  to the direct infringement of the '008 patent under 35 U.S.C. § 271(c) by, among

19  other things, supplying the Nero Decoder Infringing Products to its customers with

20  knowledge of the '008 patent and with the knowledge that the Nero Decoder

21  Infringing Products were especially made or adapted for use in a manner covered by

22  one or more claims of the '008 patent, whereby the Nero Decoder Infringing Products

23  do not have a substantial non-infringing use.

24       81.    Upon information and belief, infringement of the '008 patent has been

25  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

26  will continue to suffer, irreparable injury as a result of this willful infringement.

27  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

28

-21-

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

1  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

2  against further infringement.

3        82.     This case is exceptional, and JVC therefore is entitled to attorneys' fees

4  pursuant to 35 U.S.C. §285.

**EIGHTH CLAIM**

(Patent Infringement of the '115 Patent)

7        83.     The allegations of paragraphs 1-82 are incorporated herein by reference.

8        84.     JVC is the sole owner of United States Patent No. 5,862,115, entitled

9  "METHOD AND APPARATUS FOR RECORDING AN INFORMATION SIGNAL

10  WITH SCRAMBLING THEREOF" ("the '115 patent").  The '115 patent was duly

11  and legally issued on January 19, 1999 to Kazunari Matsui, and was assigned to JVC.

12  A copy of the '115 patent is attached to this Complaint as Exhibit H.

13        85.     On December 5, 2011, JVC provided written notice to Arcsoft and Nero

14  of the existence of the '115 patent including offering each an opportunity to license

15  the '115 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

16        86.     Upon information and belief, ArcSoft has been and currently is directly

17  infringing the '115 patent under 35 U.S.C. § 271(a) by, among other things, making,

18  using, selling, importing, and/or offering for sale, within the territorial boundaries of

19  the United States, the Arcsoft Encoder Infringing Products that are covered by one or

20  more claims of the '115 patent.

21        87.     Upon information and belief, ArcSoft has been and currently is inducing

22  the direct infringement of the '115 patent under 35 U.S.C. § 271(b) by, among other

23  things, actively inducing its customers to use the Arcsoft Encoder Infringing Products,

24  within the territorial boundaries of the United States, in a manner that is covered by

25  one or more claims of the '115 patent, with knowledge of the '115 patent and with

26  knowledge that the acts it was causing would be covered by one or more claims of the

27  '115 patent.

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-22-

88.     Upon information and belief, ArcSoft has been and currently is contributing to the direct infringement of the '115 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Arcsoft Encoder Infringing Products to its customers with knowledge of the '115 patent and with the knowledge that the Arcsoft Encoder Infringing Products were especially made or adapted for use in a manner covered by one or more claims of the '115 patent, whereby the Arcsoft Encoder Infringing Products do not have a substantial non-infringing use.

89.     Upon information and belief, Nero has been and currently is directly infringing the '115 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Nero Encoder Infringing Products that are covered by one or more claims of the '115 patent.

90.     Upon information and belief, Nero has been and currently is inducing the direct infringement of the '115 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Nero Encoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '115 patent, with knowledge of the '115 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '115 patent.

91.     Upon information and belief, Nero has been and currently is contributing to the direct infringement of the '115 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Nero Encoder Infringing Products to its customers with knowledge of the '115 patent and with the knowledge that the Nero Encoder Infringing Products were especially made or adapted for use in a manner covered by one or more claims of the '115 patent, whereby the Nero Encoder Infringing Products do not have a substantial non-infringing use.

///

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1    92.    Upon information and belief, infringement of the '115 patent has been

2  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

3  will continue to suffer, irreparable injury as a result of this willful infringement.

4  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

5  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

6  against further infringement.

7    93.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

8  pursuant to 35 U.S.C. §285.

9                                **NINTH CLAIM**

10                   (Patent Infringement of the '750 Patent)

11    94.    The allegations of paragraphs 1-93 are incorporated herein by reference.

12    95.    JVC is the sole owner of United States Patent No. 5,949,750, entitled

13  "METHOD AND APPARATUS FOR RECORDING AN INFORMATION SIGNAL

14  WITH SCRAMBLING THEREOF" ("the '750 patent").  The '750 patent was duly

15  and legally issued on September 7, 1999 to Kazunari Matsui, and was assigned to

16  JVC.  A copy of the '750 patent is attached to this Complaint as Exhibit I.

17    96.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero

18  of the existence of the '750 patent including offering each an opportunity to license

19  the '750 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

20    97.    Upon information and belief, ArcSoft has been and currently is directly

21  infringing the '750 patent under 35 U.S.C. § 271(a) by, among other things, making,

22  using, selling, importing, and/or offering for sale, within the territorial boundaries of

23  the United States, the Arcsoft Decoder Infringing Products that are covered by one or

24  more claims of the '750 patent.

25    98.    Upon information and belief, ArcSoft has been and currently is inducing

26  the direct infringement of the '750 patent under 35 U.S.C. § 271(b) by, among other

27  things, actively inducing its customers to use the Arcsoft Decoder Infringing

28

*McKool Smith Hennigan, P.C.*
*Los Angeles, California*

-24-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1   Products, within the territorial boundaries of the United States, in a manner that is

2   covered by one or more claims of the '750 patent, with knowledge of the '750 patent

3   and with knowledge that the acts it was causing would be covered by one or more

4   claims of the '750 patent.

5       99.    Upon information and belief, ArcSoft has been and currently is

6   contributing to the direct infringement of the '750 patent under 35 U.S.C. § 271(c) by,

7   among other things, supplying the Arcsoft Decoder Infringing Products to its

8   customers with knowledge of the '750 patent and with the knowledge that the Arcsoft

9   Decoder Infringing Products were especially made or adapted for use in a manner

10  covered by one or more claims of the '750 patent, whereby the Arcsoft Decoder

11  Infringing Products do not have a substantial non-infringing use.

12      100.   Upon information and belief, Nero has been and currently is directly

13  infringing the '750 patent under 35 U.S.C. § 271(a) by, among other things, making,

14  using, selling, importing, and/or offering for sale, within the territorial boundaries of

15  the United States, the Nero Decoder Infringing Products that are covered by one or

16  more claims of the '750 patent.

17      101.   Upon information and belief, Nero has been and currently is inducing the

18  direct infringement of the '750 patent under 35 U.S.C. § 271(b) by, among other

19  things, actively inducing its customers to use the Nero Decoder Infringing Products,

20  within the territorial boundaries of the United States, in a manner that is covered by

21  one or more claims of the '750 patent, with knowledge of the '750 patent and with

22  knowledge that the acts it was causing would be covered by one or more claims of the

23  '750 patent.

24      102.   Upon information and belief, Nero has been and currently is contributing

25  to the direct infringement of the '750 patent under 35 U.S.C. § 271(c) by, among

26  other things, supplying the Nero Decoder Infringing Products to its customers with

27  knowledge of the '750 patent and with the knowledge that the Nero Decoder

28

-25-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1    Infringing Products were especially made or adapted for use in a manner covered by

2    one or more claims of the '750 patent, whereby the Nero Decoder Infringing Products

3    do not have a substantial non-infringing use.

4        103.    Upon information and belief, infringement of the '750 patent has been

5    and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

6    will continue to suffer, irreparable injury as a result of this willful infringement.

7    Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

8    damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

9    against further infringement.

10       104.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

11   pursuant to 35 U.S.C. §285.

12                              **TENTH CLAIM**

13                   (Patent Infringement of the '711 Patent)

14       105.    The allegations of paragraphs 1-104 are incorporated herein by reference.

15       106.    JVC is the sole owner of United States Patent No. 6,768,711, entitled

16   "METHOD AND APPARATUS FOR RECORDING AND REPRODUCING

17   INFORMATION ON AND FROM OPTICAL DISC" ("the '711 patent").  The '711

18   patent was duly and legally issued on July 27, 2004 to Yasuhiro Ueki, and was

19   assigned to JVC.  A copy of the '711 patent is attached to this Complaint as Exhibit J.

20       107.    On December 5, 2011, JVC provided written notice to Arcsoft and Nero

21   of the existence of the '711 patent including offering each an opportunity to license

22   the '711 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

23       108.    Upon information and belief, ArcSoft has been and currently is directly

24   infringing the '711 patent under 35 U.S.C. § 271(a) by, among other things, making,

25   using, selling, importing, and/or offering for sale, within the territorial boundaries of

26   the United States, the Arcsoft Encoder Infringing Products that are covered by one or

27   more claims of the '711 patent.

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-26-

109.   Upon information and belief, ArcSoft has been and currently is inducing the direct infringement of the '711 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Arcsoft Encoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '711 patent, with knowledge of the '711 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '711 patent.

110.   Upon information and belief, ArcSoft has been and currently is contributing to the direct infringement of the '711 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Arcsoft Encoder Infringing Products to its customers with knowledge of the '711 patent and with the knowledge that the Arcsoft Encoder Infringing Products were especially made or adapted for use in a manner covered by one or more claims of the '711 patent, whereby the Arcsoft Encoder Infringing Products do not have a substantial non-infringing use.

111.   Upon information and belief, Nero has been and currently is directly infringing the '711 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Nero Encoder Infringing Products that are covered by one or more claims of the '711 patent.

112.   Upon information and belief, Nero has been and currently is inducing the direct infringement of the '711 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Nero Encoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '711 patent, with knowledge of the '711 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '711 patent.

///

McKool Smith Hennigan, P.C.
Los Angeles, California

-27-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1  113.   Upon information and belief, Nero has been and currently is contributing

2  to the direct infringement of the '711 patent under 35 U.S.C. § 271(c) by, among

3  other things, supplying the Nero Encoder Infringing Products to its customers with

4  knowledge of the '711 patent and with the knowledge that the Nero Encoder

5  Infringing Products were especially made or adapted for use in a manner covered by

6  one or more claims of the '711 patent, whereby the Nero Encoder Infringing Products

7  do not have a substantial non-infringing use.

8  114.   Upon information and belief, infringement of the '711 patent has been

9  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

10  will continue to suffer, irreparable injury as a result of this willful infringement.

11  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

12  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

13  against further infringement.

14  115.   This case is exceptional, and JVC therefore is entitled to attorneys' fees

15  pursuant to 35 U.S.C. §285.

16  **ELEVENTH CLAIM**

17  (Patent Infringement of the '790 Patent)

18  116.   The allegations of paragraphs 1-115 are incorporated herein by reference.

19  117.   JVC is the sole owner of United States Patent No. 7,023,790, entitled

20  "METHOD AND APPARATUS FOR RECORDING AND REPRODUCING

21  INFORMATION ON AND FROM OPTICAL DISC" ("the '790 patent").  The '790

22  patent was duly and legally issued on April 4, 2006 to Yasuhiro Ueki, and was

23  assigned to JVC.  A copy of the '790 patent is attached to this Complaint as

24  Exhibit K.

25  118.   On December 5, 2011, JVC provided written notice to Arcsoft and Nero

26  of the existence of the '790 patent including offering each an opportunity to license

27  the '790 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-28-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

119.   Upon information and belief, ArcSoft has been and currently is directly infringing the '790 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Arcsoft Encoder Infringing Products that are covered by one or more claims of the '790 patent.

120.   Upon information and belief, ArcSoft has been and currently is inducing the direct infringement of the '790 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Arcsoft Encoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '790 patent, with knowledge of the '790 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '790 patent.

121.   Upon information and belief, ArcSoft has been and currently is contributing to the direct infringement of the '790 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Arcsoft Encoder Infringing Products to its customers with knowledge of the '790 patent and with the knowledge that the Arcsoft Encoder Infringing Products were especially made or adapted for use in a manner covered by one or more claims of the '790 patent, whereby the Arcsoft Encoder Infringing Products do not have a substantial non-infringing use.

122.   Upon information and belief, Nero has been and currently is directly infringing the '790 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Nero Encoder Infringing Products that are covered by one or more claims of the '790 patent.

123.   Upon information and belief, Nero has been and currently is inducing the direct infringement of the '790 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Nero Encoder Infringing Products,

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

1   within the territorial boundaries of the United States, in a manner that is covered by

2   one or more claims of the '790 patent, with knowledge of the '790 patent and with

3   knowledge that the acts it was causing would be covered by one or more claims of the

4   '790 patent.

5       124.   Upon information and belief, Nero has been and currently is contributing

6   to the direct infringement of the '790 patent under 35 U.S.C. § 271(c) by, among

7   other things, supplying the Nero Encoder Infringing Products to its customers with

8   knowledge of the '790 patent and with the knowledge that the Nero Encoder

9   Infringing Products were especially made or adapted for use in a manner covered by

10  one or more claims of the '790 patent, whereby the Nero Encoder Infringing Products

11  do not have a substantial non-infringing use.

12      125.   Upon information and belief, infringement of the '790 patent has been

13  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

14  will continue to suffer, irreparable injury as a result of this willful infringement.

15  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

16  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

17  against further infringement.

18      126.   This case is exceptional, and JVC therefore is entitled to attorneys' fees

19  pursuant to 35 U.S.C. §285.

20                      **TWELFTH CLAIM**

21              (Patent Infringement of the '970 Patent)

22      127.   The allegations of paragraphs 1-126 are incorporated herein by reference.

23      128.   JVC is the sole owner of United States Patent No. 7,102,970, entitled

24  "OPTICAL DISK ADAPTABLE TO RECORD AT HIGH DISK SCANNING

25  SPEED, AND RELATED APPARATUS AND METHOD" ("the '970 patent").  The

26  '970 patent was duly and legally issued on September 5, 2006 to Yasuhiro Ueki, and

27  was assigned to JVC.  A copy of the '970 patent is attached to this Complaint as

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1    Exhibit L.

2        129.   On December 5, 2011, JVC provided written notice to Arcsoft and Nero

3    of the existence of the '970 patent including offering each an opportunity to license

4    the '970 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

5        130.   Upon information and belief, ArcSoft has been and currently is directly

6    infringing the '970 patent under 35 U.S.C. § 271(a) by, among other things, making,

7    using, selling, importing, and/or offering for sale, within the territorial boundaries of

8    the United States, the Arcsoft Encoder Infringing Products that are covered by one or

9    more claims of the '970 patent.

10       131.   Upon information and belief, ArcSoft has been and currently is inducing

11   the direct infringement of the '970 patent under 35 U.S.C. § 271(b) by, among other

12   things, actively inducing its customers to use the Arcsoft Encoder Infringing Products,

13   within the territorial boundaries of the United States, in a manner that is covered by

14   one or more claims of the '970 patent, with knowledge of the '970 patent and with

15   knowledge that the acts it was causing would be covered by one or more claims of the

16   '970 patent.

17       132.   Upon information and belief, ArcSoft has been and currently is

18   contributing to the direct infringement of the '970 patent under 35 U.S.C. § 271(c) by,

19   among other things, supplying the Arcsoft Encoder Infringing Products to its

20   customers with knowledge of the '970 patent and with the knowledge that the Arcsoft

21   Encoder Infringing Products were especially made or adapted for use in a manner

22   covered by one or more claims of the '970 patent, whereby the Arcsoft Encoder

23   Infringing Products do not have a substantial non-infringing use.

24       133.   Upon information and belief, Nero has been and currently is directly

25   infringing the '970 patent under 35 U.S.C. § 271(a) by, among other things, making,

26   using, selling, importing, and/or offering for sale, within the territorial boundaries of

27   the United States, the Nero Encoder Infringing Products that are covered by one or

28

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

-31-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

1   more claims of the '970 patent.

2   134.   Upon information and belief, Nero has been and currently is inducing the

3   direct infringement of the '970 patent under 35 U.S.C. § 271(b) by, among other

4   things, actively inducing its customers to use the Nero Encoder Infringing Products,

5   within the territorial boundaries of the United States, in a manner that is covered by

6   one or more claims of the '970 patent, with knowledge of the '970 patent and with

7   knowledge that the acts it was causing would be covered by one or more claims of the

8   '970 patent.

9   135.   Upon information and belief, Nero has been and currently is contributing

10  to the direct infringement of the '970 patent under 35 U.S.C. § 271(c) by, among

11  other things, supplying the Nero Encoder Infringing Products to its customers with

12  knowledge of the '970 patent and with the knowledge that the Nero Encoder

13  Infringing Products were especially made or adapted for use in a manner covered by

14  one or more claims of the '970 patent, whereby the Nero Encoder Infringing Products

15  do not have a substantial non-infringing use.

16  136.   Upon information and belief, infringement of the '970 patent has been

17  and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and

18  will continue to suffer, irreparable injury as a result of this willful infringement.

19  Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

20  damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

21  against further infringement.

22  137.   This case is exceptional, and JVC therefore is entitled to attorneys' fees

23  pursuant to 35 U.S.C. §285.

## THIRTEENTH CLAIM

(Patent Infringement of the '404 Patent)

26  138.   The allegations of paragraphs 1-137 are incorporated herein by reference.

27  139.   JVC is the sole owner of United States Patent No. 6,490,404, entitled

28

-32-

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1  "INFORMATION RECORDING MEDIUM, AND EDITING APPARATUS AND

2  METHOD THEREFOR" ("the '404 patent").  The '404 patent was duly and legally

3  issued on December 3, 2002 to Toshio Kuroiwa, Junzo Suzuki and Takayuki

4  Sugahara, and was assigned to JVC.  A copy of the '404 patent is attached to this

5  Complaint as Exhibit M.

6         140.   On December 5, 2011, JVC provided written notice to Arcsoft and Nero

7  of the existence of the '404 patent including offering each an opportunity to license

8  the '404 patent from JVC.  Neither Arcsoft nor Nero responded to JVC's offer.

9         141.   Upon information and belief, ArcSoft has been and currently is directly

10  infringing the '404 patent under 35 U.S.C. § 271(a) by, among other things, making,

11  using, selling, importing, and/or offering for sale, within the territorial boundaries of

12  the United States, the Arcsoft Encoder Infringing Products that are covered by one or

13  more claims of the '404 patent.

14         142.   Upon information and belief, ArcSoft has been and currently is inducing

15  the direct infringement of the '404 patent under 35 U.S.C. § 271(b) by, among other

16  things, actively inducing its customers to use the Arcsoft Encoder Infringing Products,

17  within the territorial boundaries of the United States, in a manner that is covered by

18  one or more claims of the '404 patent, with knowledge of the '404 patent and with

19  knowledge that the acts it was causing would be covered by one or more claims of the

20  '404 patent.

21         143.   Upon information and belief, ArcSoft has been and currently is

22  contributing to the direct infringement of the '970 patent under 35 U.S.C. § 271(c) by,

23  among other things, supplying the Arcsoft Encoder Infringing Products to its

24  customers with knowledge of the '404 patent and with the knowledge that the Arcsoft

25  Encoder Infringing Products were especially made or adapted for use in a manner

26  covered by one or more claims of the '404 patent, whereby the Arcsoft Encoder

27  Infringing Products do not have a substantial non-infringing use.

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-33-

144.   Upon information and belief, Nero has been and currently is directly infringing the '404 patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, the Nero Encoder Infringing Products that are covered by one or more claims of the '404 patent.

145.   Upon information and belief, Nero has been and currently is inducing the direct infringement of the '404 patent under 35 U.S.C. § 271(b) by, among other things, actively inducing its customers to use the Nero Encoder Infringing Products, within the territorial boundaries of the United States, in a manner that is covered by one or more claims of the '404 patent, with knowledge of the '404 patent and with knowledge that the acts it was causing would be covered by one or more claims of the '404 patent.

146.   Upon information and belief, Nero has been and currently is contributing to the direct infringement of the '404 patent under 35 U.S.C. § 271(c) by, among other things, supplying the Nero Encoder Infringing Products to its customers with knowledge of the '404 patent and with the knowledge that the Nero Encoder Infringing Products were especially made or adapted for use in a manner covered by one or more claims of the '404 patent, whereby the Nero Encoder Infringing Products do not have a substantial non-infringing use.

147.   Upon information and belief, infringement of the '404 patent has been and is willful, and will continue unless enjoined by the Court.  JVC has suffered, and will continue to suffer, irreparable injury as a result of this willful infringement. Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble damages.  Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction against further infringement.

148.   This case is exceptional, and JVC therefore is entitled to attorneys' fees pursuant to 35 U.S.C. §285.

-34-

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

1    **FOURTEENTH CLAIM**

2    (Patent Infringement of the '149 Patent)

3    149.    The allegations of paragraphs 1-148 are incorporated herein by reference.

4    150.    JVC is the sole owner of United States Patent No. 5,537,149, entitled

5    "DISPLAY DEVICE" ("the '149 patent"). The '149 patent was duly and legally

6    issued on July 16, 1996 to Shinji Teraoka and Yasuhiro Sato, and was assigned to

7    JVC. A copy of the '149 patent is attached to this Complaint as Exhibit N.

8    151.    On December 5, 2011, JVC provided written notice to Nero of the

9    existence of the '149 patent including offering it an opportunity to license the '149

10   patent from JVC. Nero never responded to JVC's offer.

11   152.    Upon information and belief, Nero has been and currently is directly

12   infringing the '149 patent under 35 U.S.C. § 271(a) by, among other things, making,

13   using, selling, importing, and/or offering for sale, within the territorial boundaries of

14   the United States, the Nero Stretch Reproduction Infringing Products that are covered

15   by one or more claims of the '149 patent.

16   153.    Upon information and belief, infringement of the '149 patent has been

17   and is willful, and will continue unless enjoined by the Court. JVC has suffered, and

18   will continue to suffer, irreparable injury as a result of this willful infringement.

19   Pursuant to 35 U.S.C. § 284, JVC is entitled to damages for infringement and treble

20   damages. Pursuant to 35 U.S.C. § 283, JVC is entitled to a permanent injunction

21   against further infringement.

22   154.    This case is exceptional, and JVC therefore is entitled to attorneys' fees

23   pursuant to 35 U.S.C. §285.

24   **PRAYER FOR RELIEF**

25   1.    JVC respectfully requests the following relief:

26   2.    that ArcSoft be adjudged to have directly and/or indirectly infringed the

27   '491, '692, '881, '920, '383, '329, '008, '115, '750, '711, '790, '970, and '404 patents

28

-35-

1    and that Nero be adjudged to have directly and/or indirectly infringed the '491, '692,

2    '881, '920, '383, '329, '008, '115, '750, '711, '790, '970, '404 and '149 patent;

3          3.     that the Court enter a permanent injunction against ArcSoft, and all

4    others in active concert with it, prohibiting them from directly and/or indirectly

5    infringing the '491, '692, '881, '920, '383, '329, '008, '115, '750, '711, '790, '970,

6    and '404 patents and enter a permanent injunction against Nero, and all others in

7    active concert with it, prohibiting them from directly and/or indirectly infringing the

8    '491, '692, '881, '920, '383, '329, '008, '115, '750, '711, '790, '970, '404, and '149

9    patents;

10         4.     that the Court order an accounting for damages by virtue of ArcSoft's

11   infringement of the '491, '692, '881, '920, '383, '329, '008, '115, '750, '711, '790,

12   '970, and '404 patents, and an accounting for damages by virtue of Nero's

13   infringement of the '491, '692, '881, '920, '383, '329, '008, '115, '750, '711, '790,

14   '970, '404, and '149 patents;

15         5.     that the Court award damages to JVC against ArcSoft and Nero, pursuant

16   to 35 U.S.C. § 284;

17         6.     that the Court treble the damages for willful infringement pursuant to 35

18   U.S.C. § 284;

19         7.     that the Court award JVC pre-judgment and post-judgment interest and

20   its costs, pursuant to 35 U.S.C. §284;

21         8.     that the Court award JVC attorneys' fees incurred in this action pursuant

22   to 35 U.S.C. § 285; and

23   ///

24   ///

25   ///

26   ///

27   ///

28

Case No.

1794193

COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

1     9.    that JVC be awarded such other and further relief as this Court deems

2  just and proper.

3

4  DATED:  April 27, 2012              McKool Smith Hennigan, P.C.

5

6                  By_____

7                            Alan P. Block

8                  Attorneys for Plaintiff
                  JVC KENWOOD CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

Case No.

1794193

-37-

## DEMAND FOR A JURY TRIAL

JVC hereby demands a trial by jury as to all issues triable by a jury.

DATED:  April 27, 2012                    McKool Smith Hennigan, P.C.


By_____
                    Alan P. Block

Attorneys for Plaintiff
JVC KENWOOD CORPORATION

McKool Smith Hennigan, P.C.
LOS ANGELES, CALIFORNIA

-38-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 3662 GAF (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Roderick G. Dorman SBN 96908
(rdorman@mckoolsmithhennigan.com)
MCKOOL SMITH HENNIGAN, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles CA  90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-11234
Attorneys for Plaintiff JVC KENWOOD
CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JVC KENWOOD CORPORATION, **PLAINTIFF(S)** | CASE NUMBER |
| v. | CV12-3662 -GAF(CA) |
| ARCSOFT, INC.; NERO, INC., | **SUMMONS** |
| **DEFENDANT(S).** | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within     21     days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Roderick G. Dorman, whose address is 865 South Figueroa Street, Suite 2900 Los Angeles, CA  90017. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:     APR 2 7 2012 _____

Clerk, U.S. District Court

By: _____
        MARILYN DAVIS
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JVC KENWOOD CORPORATION | ARCSOFT, INC.; NERO, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Roderick G. Dorman (SBN 96908) (rdorman@mckoolsmithhennigan.com) MCKOOL SMITH HENNIGAN, P.C. 865 South Figueroa Street, Suite 2900, Los Angeles, CA 90017 Telephone: (213) 694-1200; Facsimile: (213) 694-1234 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Sections 271, 283-285

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-3662

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　 ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
　☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JAPAN |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
　☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| NERO, INC. - Los Angeles County | ARCSOFT, INC. - Alameda County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____　　Date　4/27/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com