1    [Counsel Listed on Next Page]

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JVC KENWOOD CORPORATION,<br><br>                    Plaintiff,<br><br>      vs.<br><br>ARCSOFT, INC.; NERO, INC.,<br><br>                Defendants. | Case No. cv-12-3662 MRP (JCx)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

<div style="writing-mode: vertical-rl">McKool Smith Hennigan, P.C.<br>Los Angeles, California</div>

1    RODERICK G. DORMAN (SBN 96908)
2    (rdorman@mckoolsmithhennigan.com)
     ALAN P. BLOCK (SBN 143783)
3    (ablock@mckoolsmithhennigan.com)
     McKOOL SMITH HENNIGAN, P.C.
4    865 South Figueroa Street, Suite 2900
5    Los Angeles, California 90017
     Telephone:   (213) 694-1200
6    Facsimile:   (213) 694-1234

7
     SCOTT L. COLE (*pro hac vice*)
8    (scole@mckoolsmith.com)
9    McKOOL SMITH, PC
     300 W. 6th Street, Suite 1700
10   Austin, TX 78701
11   Tel. (512) 476-1400
     Fax (512) 703-1250
12

13   KEVIN L. DAFFER (*pro hac vice*)
     (kdaffer@dmtechlaw.com)
14   DAFFER McDANIEL LLP
15   901 South Mopac Expressway
     Barton Oaks Plaza Three, Ste. 310
16   Austin, TX 78746
     Tel. (512) 476-1400
17   Fax (512) 703-1250

18
     Attorneys for Plaintiff
19   JVC KENWOOD CORPORATION

20

21   ADRIAN M. PRUETZ - State Bar No. 118215
22   apruetz@glaserweil.com
     ANDREW Y. CHOUNG - State Bar No. 203192
23   achoung@glaserweil.com
24   CHARLES C. KOOLE - State Bar No. 259997
     ckoole@glaserweil.com
25   GLASER WEIL FINK JACOBS
26     HOWARD AVCHEN & SHAPIRO LLP
     10250 Constellation Boulevard, 19th Floor
27   Los Angeles, California 90067
     Telephone: (310) 553-3000
28

-2-

Case No. CV-12-3662 MRP (JCx)            [PROPOSED] STIPULATED PROTECTIVE ORDER
1885839.2

Facsimile: (310) 556-2920

Attorneys for Defendant
NERO INC.

McKool Smith Hennigan, P.C.
Los Angeles, California

Case No. CV-12-3662 MRP (JCx)
1885839.2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1.   **GOOD CAUSE; LIMITATIONS**

1.1   Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  Accordingly, the parties hereby stipulate to and request that the Court enter the following First Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.2   The parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

1.3   Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

1.4   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Material satisfies the criteria set forth below for each category.

2.   **DEFINITIONS**

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, and employees.

2.2   <u>Disclosure or Discovery Material</u>: all items or information, including items or information from a non-party, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony,

-4-

McKool Smith Hennigan, P.C.
Los Angeles, California

1  transcripts, or tangible things) that are produced or generated in disclosures or
2  responses to discovery in this matter.

3    2.3    "Confidential" Information or Items: information (regardless of how
4  generated, stored, or maintained) or tangible things that include trade secrets or other
5  confidential research, development, commercial, proprietary, non-public, technical,
6  business, financial, sensitive, or private information that a Producing Party believes in
7  good faith can be disclosed to select employees of a Receiving Party (as described in
8  paragraph 7.5 below) solely for purposes of this litigation, but which must be
9  protected from widespread dissemination or disclosure to non-parties.

10    2.4    "Highly Confidential — Attorneys' Eyes Only" Information or Items:
11  extremely sensitive "Confidential" Information (as defined above) that a Producing
12  Party believes in good faith (a) creates a substantial risk of harm to the Producing
13  Party if disclosed to a Receiving Party; (b) is required to be kept confidential to
14  protect the privacy interests of an individual; or (c) is subject to an express obligation
15  of confidentiality owed by the Producing Party to a third party.

16    2.5    "Highly Confidential Source Code — Outside Counsel Only"
17  Information or Items: computer source code (regardless of how generated, stored, or
18  maintained) and other information disclosing or directly related to computer source
19  code.

20    2.6    Receiving Party: a Party that receives Disclosure or Discovery Material
21  from a Producing Party.

22    2.7    Producing Party: a Party or non-party that produces Disclosure or
23  Discovery Material in this action.

24    2.8    Designating Party: a Party or non-party that designates information or
25  items that it produces in disclosures or in responses to discovery or subpoena as
26  "Confidential," "Highly Confidential — Attorneys' Eyes Only," or "Highly
27  Confidential Source Code — Outside Counsel Only."

28    2.9    Protected Material: any Disclosure or Discovery Material that is

-5-

McKool Smith Hennigan, P.C.
Los Angeles, California

1  designated as "Confidential," "Highly Confidential — Attorneys' Eyes Only," or

2  "Highly Confidential Source Code — Outside Counsel Only."

3      2.10    Outside Counsel: attorneys of the law firms of McKool Smith P.C.,

4  McKool Smith Hennigan P.C., Daffer McDaniel LLP, Fish & Richardson P.C., and

5  Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP who are not employees of a

6  Party but who are retained to represent or advise a Party in this action.

7      2.11    In-House Counsel: attorneys who are employees of a Party.

8      2.12    Counsel (without qualifier): Outside Counsel and In-House Counsel.

9      2.13    Expert: a person with specialized knowledge or experience in a matter

10 pertinent to the litigation who has been retained by a Party or its counsel to serve as

11 an expert witness or as a consultant in this action and who has been approved to

12 receive Protected Material in accordance with paragraph 7.9 below.

13     2.14    Professional Vendors: persons or entities that provide litigation support

14 services (e.g., photocopying; videotaping; translating; preparing exhibits or

15 demonstrations; organizing, storing, or retrieving data in any form or medium) and

16 their employees and subcontractors. This definition includes a professional jury or

17 trial consultant retained in connection with this litigation.

18     2.15    Patents-in-Suit: U.S. Patent Nos. 6,141,491; 6,522,692; 6,788,881;

19 6,570,920; 6,493,383; 6,212,329; 5,535,008; 5,862,115; 5,949,750; 6,768,711;

20 7,023,790; 7,102,970; 6,490,404; and 5,537,149, which are asserted in the present

21 lawsuit.

22     3.    **SCOPE**

23     The protections conferred by this Order cover not only Protected Material, but

24 also any information copied or extracted therefrom, as well as all copies, excerpts,

25 summaries, or compilations thereof, plus testimony, conversations, or presentations

26 by parties or counsel to or in court or in other settings that might reasonably be

27 expected to reveal Protected Material. Nothing in this paragraph shall be construed to

28 prejudice either Party's right to use any Protected Material in court or in any court

McKool Smith Hennigan, P.C.
Los Angeles, California

1  filing with the consent of the Producing Party or by order of the Court.

2      4.      **DURATION**

3          Even after the final disposition of this litigation, the confidentiality obligations

4  imposed by this Order shall remain in effect until a Designating Party agrees

5  otherwise in writing or a court order otherwise directs.  Final disposition shall be

6  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

7  or without prejudice; and (2) final judgment herein after the completion and

8  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

9  including the time limits for filing any motions or applications for extension of time

10  pursuant to applicable law.

11      5.      **DESIGNATING PROTECTED MATERIAL**

12          5.1      Manner and Timing of Designations.  Except as otherwise provided in

13  this Order, or as otherwise stipulated or ordered, material that qualifies for protection

14  under this Order must be clearly so designated before the material is disclosed or

15  produced.

16          Designation in conformity with this Order requires:

17      (a)      for information in documentary form (other than transcripts of

18  depositions or other pretrial or trial proceedings), that the Producing Party affix the

19  legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

20  ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL

21  ONLY" on each page that contains protected material.  If only a portion or portions of

22  the material on a page qualifies for protection, the Producing Party also must clearly

23  identify the protected portion(s) (e.g., by making appropriate markings in the margins)

24  and must specify, for each portion, the level of protection being asserted.

25          A Party or non-party that makes original documents or materials available for

26  inspection need not designate them for protection until after the inspecting Party has

27  indicated which material it would like copied and produced.  During the inspection

28  and before the designation, all of the material made available for inspection shall be

-7-

McKool Smith Hennigan, P.C.
Los Angeles, California

1   deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the

2   inspecting Party has identified the documents it wants copied and produced, the

3   Producing Party must determine which documents, or portions thereof, qualify for

4   protection under this Order, then, before producing the specified documents, the

5   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

6   CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY

7   CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY") on each page

8   that contains Protected Material. If only a portion or portions of the material on a

9   page qualifies for protection, the Producing Party also must clearly identify the

10   protected portion(s) (e.g., by making appropriate markings in the margins) and must

11   specify, for each portion, the level of protection being asserted.

12          (b)    for testimony given in deposition or in other pretrial or trial proceedings,

13   that the Party or non-party offering or sponsoring the testimony identify on the record,

14   before the close of the deposition, hearing, or other proceeding, that the transcript or

15   portions thereof be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL —

16   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE —

17   OUTSIDE COUNSEL ONLY."

18          (c)    for information produced in some form other than documentary, and for

19   any other tangible items, that the Producing Party affix in a prominent place on the

20   exterior of the container or containers in which the information or item is stored the

21   legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

22   ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL

23   ONLY." If any items produced in a non-paper medium are printed by the Receiving

24   Party, the Receiving Party must immediately mark each page of the printed version

25   with the confidentiality designation of the media.

26          5.3    Inadvertent Failures to Designate. An inadvertent failure to designate

27   qualified information, testimony or items as "CONFIDENTIAL," "HIGHLY

28   CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY

-8-

McKool Smith Hennigan, P.C.
Los Angeles, California

1   CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY"   does not

2   waive the Designating Party's right to secure protection under this Order for such

3   material.  Upon discovering the inadvertent failure, the Designating Party must

4   promptly notify the Receiving Party in writing of the inadvertent failure to designate

5   and take steps necessary to replace the documents with appropriate legends or

6   otherwise designate the materials as set forth above.  Upon receipt of this written

7   notice, the Receiving Party must promptly make all reasonable efforts to assure that

8   the material is treated in accordance with the provisions of this Order, including

9   retrieving any copies that may have been distributed to unauthorized individuals and

10   destroying any copies of documents that have been replaced with the proper

11   designation.

12       5.4    Materials That are Mistakenly Designated: If it comes to a Designating

13   Party's attention that information or items that it designated for protection do not

14   qualify for protection at all or do not qualify for the level of protection initially

15   asserted, that Designating Party must promptly notify all other parties that it is

16   withdrawing the mistaken designation.

17   6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18       6.1    At any time in these proceedings following the production or designation

19   of material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS'

20   EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE

21   COUNSEL ONLY," counsel for a Party may challenge such designation in

22   accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil

23   Procedure and Local Rules 37-1 through 37-4.

24       The burden of persuasion in any such challenge shall at all times be on the

25   Producing Party.  Until the Court rules on the challenge, all parties shall continue to

26   afford the material that is the subject of the challenge the level of protection to which

27   it is entitled under the Designating Party's designation.

28

*McKool Smith Hennigan, P.C.*
*Los Angeles, California*

-9-

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

7.2    Secure Storage:  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3.    Legal Advice Based on Protected Material:  Nothing in this Order shall be construed to prevent Counsel from advising their client with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

7.4    Limitations:  Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Confidential or Highly Confidential Information, nor the use or disclosure of information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to Order of the Court.

7.5    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Persons entitled to access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items pursuant to paragraph 7.6 (a) through (g) below; and

McKool Smith Hennigan, P.C.
Los Angeles, California

-10-

1       (b)   for Plaintiff and Defendants, one additional officer or employee of the

2    Receiving Defendant (who may be In-House Counsel) to whom disclosure is

3    reasonably necessary for this litigation, and who has signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A); provided, however, that such officer or

5    employee of a defendant shall not receive "CONFIDENTIAL" material produced by

6    another defendant without consent of the Producing Party.

7       7.6   Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

8    ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

9    writing by the Designating Party, a Receiving Party may disclose any information or

10   item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only

11   to:

12      (a)   the Receiving Party's Outside Counsel in this action, including Outside

13   Counsel's support staff such as paralegals, technology specialists, and secretaries;

14      (b)   one In-House Counsel of the Receiving Party to whom disclosure is

15   reasonably necessary for this litigation,, including their paralegals and secretaries,

16   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

17   provided, further, that such In-House Counsel of a defendant shall not receive

18   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material produced by

19   another defendant without consent of the Producing Party.

20   In the event In-House Counsel initially designated under this Order is no longer

21   employed by a Receiving Party or is otherwise unavailable, a Receiving Party may,

22   with notice to all Parties, identify another In-House Counsel to receive "HIGHLY

23   CONFIDENTIAL — ATTORNEYS' EYES ONLY" information under this

24   paragraph, provided that such In-House Counsel complies with the requirements of

25   this paragraph.

26   Within ten (10) business days of receipt of notice identifying either initially or

27   subsequently designated In-House Counsel, the party receiving such notice may

28   object in writing to the identified In-House Counsel for good cause.  Any such

Case No. CV-12-3662 MRP (JCx)         [PROPOSED] STIPULATED PROTECTIVE ORDER
1885839.2

McKool Smith Hennigan, P.C.
Los Angeles, California

1 objection must be made in accordance with the procedures set forth in Rule 37 of the

2 Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4, and the

3 objecting party shall at all times have the burden of showing that good cause exists to

4 prevent the disclosure of Protected Material to the identified In-House Counsel.  If

5 relief is sought, Protected Material shall not be disclosed to the In-House Counsel in

6 question until the objection is resolved by the Court.  In the absence of an objection at

7 the end of the ten day period, the person shall be deemed approved under this Order.

8      (c)    experts or consultants of the Receiving Party to whom disclosure is

9 reasonably necessary for this litigation who have been approved in accordance with

10 paragraph 7.9 below, and their administrative support staff if any;

11      (d)    the Court and its personnel;

12      (e)    court reporters, their staffs, and Professional Vendors such as graphics

13 services or jury consultants to whom disclosure is reasonably necessary for this

14 litigation and who have signed the "Agreement to Be Bound by Protective Order"

15 (Exhibit A).  Jury research participants hired by jury consultants may be told or

16 shown Protected Materials or information provided: (1) they are not be affiliated with

17 any Party or its direct competitor, (2) are not themselves given custody of any copies,

18 summaries, or excerpts of Protected Material or permitted to remove any notes taken

19 during the exercise from the research facility; and (3) agree in writing to be bound by

20 confidentiality;

21      (f)    only during their depositions or testimony at trial, (1) a current or former

22 officer, director, or employee of the Producing Party or original source of the

23 information, (2) any person selected by a Producing Party to provide testimony

24 pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and (3) as to

25 documents produced by a named inventor or previous owner of any of the Patents-in-

26 Suit only, a current or former officer, director, employee, or 30(b)(6) designee of

27 Plaintiff.  Persons authorized to view Protected Material under this sub-paragraph (f)

28 shall not retain or be given copies of any Protected Materials.

-12-

Case 2:12-cv-03662-MRP-JC   Document 41   Filed 08/27/12   Page 13 of 27   Page ID #:1363

1   (g)   a person who appears on the face of the document to be the author,

2   addressee, or recipient of the document or the original source of the information.

3   Persons authorized to view Protected Material under this sub-paragraph (g) shall not

4   retain or be given copies of any Protected Materials.

5   (h)   Outside Counsel for any Receiving Party may request that any Protected

6   Material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

7   be shown to individuals not otherwise approved to receive such information under this

8   Protective Order by specifying the Bates range of the documents and identifying the

9   basis of the need for such disclosure. The Receiving Party and Designating Party

10   shall enter into good faith discussions directed to approving such disclosure and/or

11   agreeing to an appropriately redacted version which may be disclosed while still

12   satisfying the need specified by the Receiving Party. If the Parties are unable to reach

13   agreement, the Receiving Party may move the Court for approval to make the

14   disclosure.

15   7.7   Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE —

16   OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by

17   the court or permitted in writing by the Designating Party, a Receiving Party may

18   disclose any information or item designated "HIGHLY CONFIDENTIAL SOURCE

19   CODE — OUTSIDE COUNSEL ONLY" only to:

20   (a)   the Receiving Party's Outside Counsel in this action, including Outside

21   Counsel's support staff such as paralegals, technology specialists, and secretaries;

22   (b)   no more than two (2) experts or consultants of the Receiving Party to

23   whom disclosure is reasonably necessary for this litigation who have been approved

24   pursuant to paragraph 7.9 below, including their administrative support staff if any,

25   and who have previously been identified to the Producing Party as persons to whom

26   "HIGHLY CONFIDENTIAL SOURCE CODE — OUTSIDE COUNSEL ONLY"

27   materials will be shown;

28   (c)   the Court and its personnel;

McKool Smith Hennigan, P.C.
Los Angeles, California

-13-

1        (d)    court reporters, their staffs, and Professional Vendors such as graphics

2    services and jury consultants to whom disclosure is reasonably necessary for this

3    litigation and who have signed the "Agreement to Be Bound by Protective Order"

4    (Exhibit A).  Jury research participants hired by jury consultants may be told or

5    shown Protected Materials or information provided: (1) they are not be affiliated with

6    any Party or its direct competitor, (2) are not themselves given custody of any copies,

7    summaries, or excerpts of Protected Material or permitted to remove any notes taken

8    during the exercise from the research facility; and (3) agree in writing to be bound by

9    confidentiality; and

10        (e)    during their depositions or testimony at trial, (1) a current or former

11    officer, director, or employee of the Producing Party or original source of the

12    information, (2) any person selected by a Producing Party to provide testimony

13    pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, (3) as to documents

14    produced by a named inventor or previous owner of any of the Patents-in-Suit only, a

15    current or former officer, director, employee, or 30(b)(6) designee of Plaintiff, and (4)

16    a person who appears from the face of the document to be the author, addressee, or

17    recipient of the document or the original source of the information.  Persons

18    authorized to view Protected Material under this sub-paragraph (e) shall not retain or

19    be given copies of any Protected Materials.

20        7.8   <u>Additional Restrictions for Handling of "HIGHLY CONFIDENTIAL</u>

21    <u>SOURCE CODE — OUTSIDE COUNSEL ONLY" Materials</u>:  In addition to all

22    other restrictions and protections of this Order, the following additional restrictions

23    and protections shall apply to any document, testimony, or other discovery material

24    that is designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE

25    CODE — OUTSIDE COUNSEL ONLY."

26        (a)    To the extent relevant and otherwise discoverable, any source code that

27    is produced by a Party shall be made available for inspection in electronic format at

28    the Los Angeles office of Plaintiff JVC Kenwood Corporation's Outside Counsel and

-14-

McKool Smith Hennigan, P.C.
los angeles, california

1   Defendant Nero Inc.'s Outside Counsel, at the San Diego office of Defendant
2   ArcSoft, Inc.'s Outside Counsel, or at such other location mutually agreed upon by
3   the Parties.  When source code is made available, it may only be accessed from 10:00
4   A.M. through 12:30 P.M. and 1:30 P.M. through 5:00 P.M. local time, Monday
5   through Friday excluding holidays, and such other days and times upon reasonable
6   request.  Source code shall be made available through September 24, 2011, and
7   thereafter by mutual agreement of the parties as reasonably necessary.  The Producing
8   Party shall notify the Receiving Party as soon as it has source code available for
9   inspection and shall include in the notice an identification of the source code that is
10  available.  The Receiving Party shall thereafter provide 48 hours notice prior to any
11  intended inspection.

12      (b)    Source code that is produced by a Party shall be produced for inspection
13  and review subject to the following provisions, unless otherwise provided in writing
14  by the Producing Party:

15      (1)    All source code shall be made available by the Producing Party to
16  the Receiving Party in a secured room (the "Source Code Review Room") on a
17  secured computer (the "Source Code Computer") without internet access or network
18  access to other computers, as necessary and appropriate to prevent and protect against
19  unauthorized copying, transmission, removal, or other transfer of any source outside
20  of or away from Source Code Computer.  The Producing Party shall install tools that
21  are sufficient to allow the viewing and searching of the source code produced on the
22  platform made available, if such tools exist and are presently used in the ordinary
23  course of the Producing Party's business.  The Receiving Party may at its expense
24  provide the Producing Party with source code review tools to be installed on the
25  Source Code Computer to allow the viewing and searching of the source code
26  produced; provided, however, that such source code review tools are mutually agreed
27  upon and reasonably necessary for the Receiving Party to perform its viewing and
28  searching of the source code consistent with the purposes and protections herein and

-15-

McKool Smith Hennigan, P.C.
Los Angeles, California

1  provided that the Producing Party does not unreasonably withhold its approval of such

2  source code review materials.

3       (2)    No Blackberries, mobile phones, cameras, computers, peripheral

4  equipment, recording devices, or recordable media, including, without limitation,

5  CDs, DVDs, or hard drives of any kind, will be permitted inside the Source Code

6  Review Room. The Receiving Party's Outside Counsel and/or experts shall be

7  entitled to take notes relating to the source code but may not copy the source code into

8  such notes and may not take such notes electronically on the Source Code Computer

9  or on any other computer. No copies of the source code or any portion thereof may

10  leave the Source Code Review Room except as otherwise expressly provided in this

11  Order. The Producing Party may visually monitor the activities of the Receiving

12  Party's representatives during any source code review, but only to ensure that there is

13  no unauthorized recording, copying, or transmission of the source code.

14       (3)    The Producing Party shall make available a laser printer with a

15  commercially reasonable printing speed for on-site printing during inspection. The

16  Producing Party shall provide pre-Bates numbered paper, pre-labeled with the label

17  "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY."

18  All printing of source code by the Receiving Party must be on this pre-Bates

19  numbered and pre-labeled paper. The Receiving Party may print limited portions of

20  the source code only when reasonably necessary to facilitate the Receiving Party's

21  preparation of court filings, expert reports, and related drafts and correspondence, and

22  shall print only such portions as are relevant to the claims and defenses in this case.

23  The Receiving Party shall not print source code for the purpose of reviewing blocks of

24  source code elsewhere in the first instance, that is, as an alternative to reviewing the

25  source code electronically on the Source Code Computer. The parties acknowledge

26  and agree that the purpose of the protections of this Order would be frustrated by

27  printing portions of the code for review and analysis elsewhere, and that printing is

28  permitted solely to enable use of source code in filings and proceedings. Upon

-16-

McKool Smith Hennigan, P.C.
Los Angeles, California

1    printing any such portions of source code, the printed pages shall be collected by the

2    Producing Party for subsequent production.  Upon receipt of the printed pages, the

3    Producing Party may object to and withhold the production of certain printed pages, if

4    they do not appear to comply with the requirements set forth above in this section.  If

5    the Producing Party objects, then the parties shall meet and confer in good faith to

6    resolve the dispute.  To the extent the Producing Party does not object, the Producing

7    Party shall produce the printed source code within two (2) business days from the day

8    the source code was printed by the Receiving Party.  The printed pages shall

9    constitute part of the source code produced by the Producing Party in this action.  The

10   Receiving Party receiving the paper copy of source code must keep that source code

11   in a secured container when it is not in use at the office of the Receiving Party's

12   Outside Counsel.

13            (c)     All persons who will review source code on behalf of a Receiving Party

14   shall be identified in writing to the Producing Party at least ten (10) days in advance

15   of the first time that such person reviews such source code, after which time the

16   Producing Party may object to providing Source Code access to any persons so

17   identified.  The objecting party shall at all times have the burden of showing that good

18   cause exists to prevent the disclosure of Protected Material to the identified persons.

19   Proper identification of all authorized persons shall be provided prior to any access to

20   the Source Code Computer.  Proper identification is hereby defined as an original

21   form of photo identification (including, e.g., a personal identification card, a driver's

22   license, or a passport) sanctioned by the government of a U.S. state, by the United

23   States federal government, or by the nation state of the authorized person's current

24   citizenship. Access to the Source Code Computer may be denied, at the discretion of

25   the Producing Party, to any individual who fails to provide proper identification.

26   Such identification shall be in addition to any disclosure under 7.9 of this Order.

27   Each person viewing source code shall sign a log that includes the name of the person

28   who enters the review room and when they enter and depart.  The Receiving Party

-17-

McKool Smith Hennigan, P.C.
Los Angeles, California

1  receiving a paper copy of source code shall maintain a log of production-numbered

2  pages received and persons who have had access to those pages.  The Producing Party

3  shall be entitled to a copy of the logs upon request.

4      (d)    After receiving any production of printed source code, the Receiving

5  Party may make no more than three (3) copies of any portions of the source code

6  received from the Producing Party, not including copies attached to court filings or

7  used at depositions.  Any such copies must be on paper and may not be maintained in

8  or scanned into electronic form.  The Receiving Party shall maintain a log of all

9  copies of the source code received from a Producing Party that are delivered by the

10  Receiving Party to any qualified person under section (c) above.  The log shall

11  include the names of the reviewers and/or recipients of the paper copies and the

12  locations where the paper copies are stored.

13      (e)    No more than a total of four (4) persons for the Receiving Party may

14  have access to the Source Code Computer throughout the duration of the litigation.

15      (f)    The Receiving Party's Outside Counsel and any authorized person

16  receiving a copy of any source code shall maintain and store the paper copies of the

17  source code at their offices in a manner that prevents duplication of or unauthorized

18  access to the source code, including, without limitation, storing the source code in a

19  locked room or cabinet at all times when it is not in use.

20      (g)    All paper copies of source code shall be securely destroyed in a timely

21  manner if they are no longer in use (e.g., at the conclusion of a deposition in at which

22  they are used).  Copies of source code that are marked as deposition exhibits shall not

23  be provided to the court reporter or attached to deposition transcripts.  Rather the

24  deposition record will identify the exhibit by its production numbers.

25      (h)    Except as provided in this paragraph (g), the Receiving Party may not

26  create electronic or any other images of or make electronic copies of the source code

27  from any paper copy of source code (including, without limitation, scanning the

28  source code to a PDF or photographing the source code) for use in any manner.

-18-

1   Correspondence between the parties shall not include images or copies of source

2   code, but instead may contain references to production numbers.  Images or copies of

3   source code shall be omitted from pleadings and other papers whenever possible.  If a

4   Party reasonably believes that it needs to submit a portion of source code as part of a

5   filing with the Court, the Party shall give notice to the Producing Party at least two (2)

6   full business days before such filing that it intends to include source code in a filing

7   and shall file any pleading containing source code under seal in accordance with

8   paragraph 11 of this Order.  If a Producing Party agrees to produce an electronic copy

9   of its source code or any portion thereof, or to provide written permission to the

10  Receiving Party that an electronic or any other copy may be made for a Court filing,

11  the Receiving Party's communication and/or disclosure of electronic files or other

12  materials containing any portion of source code (whether paper or electronic) shall at

13  all times be limited to individuals who are expressly authorized to view source code

14  under the provisions of this Order.  If the Producing Party has provided express

15  written permission under this paragraph (g) for a receiving Party to create electronic

16  copies of source code, the Receiving Party shall maintain a log of all such electronic

17  copies of any portion of source code in its possession or in the possession of its

18  retained consultants, including the names of the reviewers and/or recipients of any

19  such electronic copies and the locations where the electronic copies are stored.  Any

20  such electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE

21  CODE — OUTSIDE COUNSEL ONLY" as provided in this Order.  After final

22  resolution of the case, all physical and electronic copies of source code in the

23  Receiving Party's possession shall be securely destroyed.

24      7.9    **Experts and Consultants**

25      (a)    Prior to disclosing any Protected Material to any outside experts or

26  consultants, the party seeking to disclose such information shall provide the

27  Producing Party or Parties with written notice that includes: (i) the name of the

28  person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum

-19-

McKool Smith Hennigan, P.C.
Los Angeles, California

1    vitae of the person; (iv) a listing of all cases in which the person has served as an

2    expert over the past ten (10) years, including an identification of the party for which

3    he of she provided expert services; (v) a listing of all consulting projects undertaken

4    by the expert or consultant within the last ten (10) years; and (vi) an executed copy of

5    the "Agreement to Be Bound by Protective Order" (Exhibit A).

6         (b)    Within ten (10) business days of receipt of this information, the party

7    receiving such notice may object in writing to the proposed outside expert or

8    consultant for good cause.  Any such objection must be made in accordance with the

9    procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local

10   Rules 37-1 through 37-4, and the objecting party shall at all times have the burden of

11   showing that good cause exists to prevent the disclosure of Protected Material to the

12   identified expert or consultant.  If relief is sought, Protected Material shall not be

13   disclosed to the expert or consultant in question until the objection is resolved by the

14   Court.  In the absence of an objection at the end of the ten day period, the person shall

15   be deemed approved under this Order.

16        (c)    For purposes of this section, "good cause" shall be an objectively

17   reasonable concern that the third party will, advertently or inadvertently, use or

18   disclose Protected Material outside of this litigation.  Experts or consultants

19   authorized to receive Protected Material under this section shall not be a current

20   officer, director, or employee of a Party or of a Party's competitor, nor anticipated at

21   the time of retention to become an officer, director, or employee of a Party or of a

22   Party's competitor.

23        7.10   **Further Restrictions on Persons Accessing Protected Information**

24        For the duration of each of the following person's participation in this litigation

25   and for two (2) years after such participation ends, any person who accesses any

26   Protected Material of a technical nature or designated as "HIGHLY CONFIDENTIAL

27   SOURCE CODE — OUTSIDE COUNSEL ONLY" shall not participate directly or

28   indirectly in U.S. or foreign patent prosecution proceedings (including reissue or

-20-

McKool Smith Hennigan, P.C.
Los Angeles, California

1   reexamination proceedings involving any of the Patents-in-Suit; except however such

2   persons may participate in any reexamination proceeding involving any of the

3   Patents-in-Suit that has been instituted directly or indirectly by a party to this case)

4   that relate to the fields of media display devices, media players and media recorders,

5   including but not limited to digital versatile disc (DVD) and/or BD disc (BD) players

6   having data decoding and reproduction capabilities, DVD and/or BD recorders having

7   encoding capability, and media on which data can be encoded and thereafter decoded

8   or reproduced.

9       8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

10              **PRODUCED IN OTHER LITIGATION**

11          If any party or person that has obtained any Protected Material under the terms

12   of this Order receives a subpoena or other legal process commanding the production

13   of any such documents or information, such person shall promptly notify the

14   Designating Party of the service of the subpoena.  The person receiving the subpoena

15   shall not produce any confidential information in response to the subpoena without

16   either the prior written consent of the Designating Party or an order of a court of

17   competent jurisdiction.  However, the Designating Party shall have the burden of

18   seeking a court order relieving the subpoenaed party of the obligations of the

19   subpoena.

20       9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22   Protected Material to any person or in any circumstance not authorized under this

23   Order, the Receiving Party must immediately (a) notify in writing the Designating

24   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of

25   the Protected Material, (c) inform the person or persons to whom unauthorized

26   disclosures were made of all the terms of this Order, and (d) request that such person

27   or persons execute the "Acknowledgment and Agreement to Be Bound" that is

28   attached hereto as Exhibit A.

McKool Smith Hennigan, P.C.
Los Angeles, California

-21-

1      Unauthorized or inadvertent disclosure does not change the status of Protected

2  Material or waive the right to hold the disclosed document or information as

3  Protected.

4      10.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

5      If a Producing Party inadvertently produces a document that it later discovers

6  or in good faith asserts to be a privileged document or a document protected from

7  disclosure by the work-product doctrine, the production of that document shall not be

8  deemed to constitute a waiver of, nor prejudice to, any privilege or immunity with

9  respect to such information or document(s) or of any work product doctrine or other

10  immunity that may attach thereto, including without limitation the attorney-client

11  privilege, the joint defense privilege, and the work product doctrine, provided, if

12  discovered by the Producing Party, the Producing Party must notify the Receiving

13  Party in writing promptly after discovery of such inadvertent production. All copies of

14  such document(s) shall be returned to the Producing Party or destroyed within 5 days

15  after such notice.

16      In the event documents are returned to the Producing Party pursuant to the

17  above paragraph, the Producing Party shall maintain the referenced documents until

18  the parties resolve any dispute concerning the privileged nature of such documents or

19  the Court rules on any motion to compel such documents.  If a dispute arises

20  concerning the privileged nature of the document(s) demanded or returned, the parties

21  shall meet and confer in good faith in an effort to resolve the dispute.  If the parties

22  are unable to resolve the dispute, the Receiving Party may file a motion to compel the

23  production of such document(s) in accordance with the procedures set forth in Rule

24  37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.  In the

25  event of such a motion to compel, the Producing Party shall have the burden to

26  demonstrate the claimed privilege, work product immunity or other immunity.

27  However, in no case will the return of any demanded document be delayed or refused

28  by reason of a party's objection to the demand or by the filing of a motion to compel,

-22-

McKool Smith Hennigan, P.C.
Los Angeles, California

Case 2:12-cv-03662-MRP-JC   Document 41   Filed 08/27/12   Page 23 of 27   Page ID #:1373

1   nor may a party assert the fact of the inadvertent production as a ground for any such

2   motion.  The parties further agree that the Receiving Party will not use or refer to any

3   information contained within the document(s) at issue, including in deposition, at

4   hearing or at trial or in any Court filing, unless and until such a motion to compel that

5   document is granted by the Court, except as such information may appear in any

6   applicable privilege log.

7         In addition, the Receiving Party has an affirmative obligation to notify the

8   Producing Party if and when the Receiving Party discovers a document produced by

9   the Producing Party that the Receiving Party reasonably believes may contain

10  information subject to the attorney-client privilege, the joint defense privilege, and/or

11  the work product privilege.

12        11.   **FILING PROTECTED MATERIAL**.  Without written permission

13  from the Designating Party or a court Order secured after appropriate notice to all

14  interested persons, a Party may not file in the public record in this action any

15  Protected Material.  A Party that seeks to file under seal any Protected Material must

16  comply with Civil Local Rule 79-5.

17        12.   **FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing

18  by the Producing Party, within sixty days after the final termination of this action,

19  each Receiving Party must, at the option of the Producing Party, destroy or return to

20  the Producing Party all Protected Material.  As used in this section 12, "all Protected

21  Material" includes all copies, abstracts, compilations, summaries, or any other form of

22  reproducing or capturing any of the Protected Material.  The Receiving Party must

23  submit a written certification to the Producing Party (and, if different, the Designating

24  Party) by the sixty day deadline confirming that all Protected Material was destroyed

25  or handled as otherwise agreed and that the Receiving Party has not retained any

26  copies, abstracts, compilations, summaries, or other forms of reproducing or capturing

27  any of the Protected Material.  Notwithstanding this provision, Outside Counsel are

28  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

-23-

McKool Smith Hennigan, P. C.
Los Angeles, California

1   Protected Material. Any such archival copies that contain or constitute Protected

2   Material remain subject to this Order as set forth in section 4 above.

3       13.   **MISCELLANEOUS**

4       13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.  By stipulating to this Order,

6   the Parties do not waive the right to argue that certain material may require

7   confidentiality protections in addition to or different from those set forth herein.

8       13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

9   Order, no Party waives any right it otherwise would have to object to disclosing or

10   producing any information or item.  Similarly, no Party waives any right to object on

11   any ground to use in evidence of any of the material covered by this Order.

12   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14   DATED: August 27, 2012        McKOOL SMITH HENNIGAN, P.C.

15

16   By _Roderick G. Dorman /APB_

17           Roderick G. Dorman

18   Attorneys for Plaintiff
    JVC KENWOOD CORPORATION

19

20   DATED: August 27, 2012        GLASER WEIL FINK JACOBS HOWARD
    AVCHEN & SHAPIRO LLP

21

22

23   By _Adrian Pruetz_

24           Adrian M. Pruetz

25   Attorneys for Defendant
    NERO, INC.

26

27

28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

Case 2:12-cv-03662-MRP-JC   Document 41   Filed 08/27/12   Page 25 of 27   Page ID #:1375

1

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5    Dated: *December 13, 2012* _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
Los Angeles, California

-25-

Case No. CV-12-3662 MRP (JCx)                    [PROPOSED] STIPULATED PROTECTIVE ORDER
1885839.2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California in the case of JVC Kenwood Corporation v. ArcSoft,

Inc. and Nero, Inc., Case No. 12-CV-3662 MRP (JCx).  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name]

of _____

_____

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Case No. CV-12-3662 MRP (JCx)
1885839.2

[PROPOSED] STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California 90017.

On August 27, 2012, all counsel of record who are registered ECF users are being served with a copy of the foregoing document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** via the Electronic Case Filing Program of the United States District Court for the Northern District of California per Local Rule 5-3.3.

I caused the document listed above to be transmitted via **Messenger** to the individual on the service list as set forth below only:

Chambers of the Hon. Mariana R. Pfaelzer
United States District Court
Western Division
312 No. Spring Street, G-8
Los Angeles, CA  90012

*(3) Mandatory Chamber's Copy*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2012, at Los Angeles, California.

*/s/ Carol Yuson*

Carol Yuson

-27-

Case No. CV-12-3662 MRP (JCx)
1885839.2

[PROPOSED] STIPULATED PROTECTIVE ORDER